UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____ -Civ-_____

09-CV-61913-Zloch-Rosenbaum

LARRY EINBINDER,

   Plaintiff,

v.

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,

   Defendant.
_____/

FILED by __VT__ D.C.
ELECTRONIC

Dec. 2, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**DEFENDANT IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447, Defendant Iron Mountain Information Management, Inc. ("Iron Mountain") hereby provides notice to this Court and all parties of the removal of this action from the Seventeenth Judicial Circuit in and for Broward County, Florida. As grounds, Iron Mountain states:

1. Plaintiff filed this civil action against Iron Mountain in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled, *Larry Einbinder v. Iron Mountain Information Management, Inc.*, Case No. 09-41751-CACE (14).

2. A copy of the Complaint was initially served on Iron Mountain's statutory registered agent for service, Corporation Service Company, on November 3, 2009.

3. On November 23, Iron Mountain filed an Unopposed Motion for an Enlargement of Time to Respond to Complaint or Take Other Appropriate Action with the Seventeenth Judicial Circuit.

4. True copies of all the process, pleadings and orders on file in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida are attached as Exhibit "A" to this Notice of Removal.

5. This Notice of Removal is based upon 28 U.S.C. §§ 1332 and 1441. Those sections provide that an action shall be removable if the federal court has original jurisdiction over the subject matter of a complaint. 28 U.S.C. § 1441(a). Original jurisdiction arises under two different circumstances: (1) where the matter in controversy exceeds $75,000 and diversity of citizenship exists among the parties, 28 U.S.C. § 1332(a)(1); or (2) where the controversy in the civil action involves a "federal question," 28 U.S.C. § 1331.

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as established below:

(a) Plaintiff in his Complaint states that he is a resident of Broward County, Florida. (Complaint, ¶1). Iron Mountain is a Delaware corporation having its primary place of business in Boston, Massachusetts. Therefore, there is diversity of citizenship between the parties.

(b) In Counts I and II of the Complaint, Plaintiff seeks damages in the amount of $90,000 plus interest and reasonable attorneys' fees and costs. (Complaint, ¶ 18, the wherefore clause following ¶ 19, ¶ 21, and the wherefore clause following ¶ 22). In Count III of the Complaint, Plaintiff seeks compensation for "lost wages, benefits, and other remuneration, [and] compensatory damages." (Complaint, the wherefore clause following ¶ 26). Accordingly, Plaintiff's matters in controversy exceed $75,000.

7. Thus, this Court has jurisdiction over this cause of action in accordance with 28 U.S.C. § 1332(a)(1), and this civil action is removable pursuant to the provisions of 28 U.S.C. § 1441(a).

8. This Notice of Removal has been timely filed in compliance with 28 U.S.C. § 1446(b), which allows defendants thirty (30) days from the date of service or receipt of plaintiff's complaint within which to file its notice. The summons and complaint in this action

2

was served upon Iron Mountain's statutory registered agent for service, Corporation Service Company, on November 3, 2009.

8.      Pursuant to 28 U.S.C. § 1446(d), Iron Mountain has provided a copy of this Notice of Removal and all papers associated herewith to the Plaintiff and has filed a conformed copy of this Notice of Removal[1] with the Clerk of the Court in the Seventeenth Judicial Circuit in and for Broward County, Florida.

9.      By filing this Notice of Removal, Iron Mountain does not waive, and fully reserves, all defenses it may have, including but not limited to a defense of failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant Iron Mountain removes this action from the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida.

DATED: December 2, 2009.

                                        Respectfully submitted,

                                        *Heather B Brock* (signature)
                                        _____
                                        Timothy B. Strong (Florida Bar No. 499285)
                                        tim.Strong@fowlerwhite.com
                                        Heather B. Brock (Florida Bar No. 0003182)
                                        hbrock@fowlerwhite.com
                                        FOWLER WHITE BOGGS P.A.
                                        50 North Laura Street, Suite 2800
                                        Jacksonville, FL  32202
                                        Telephone:  (904) 598-3100
                                        Facsimile:   (904) 598-3131
                                        *Attorneys for Defendant Iron Mountain Information Management, Inc.*

---

[1] The copy of this Notice of Removal that is being filed with the state court does not include the exhibits referenced herein as the state court file already consists of these documents.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 2, 2009, I filed Defendant Iron Mountain Information Management, Inc.'s Notice of Removal of Civil Action with the Clerk of the Court by hand delivery. I also certify that a true and correct copy of Defendant Iron Mountain Information Management, Inc.'s Notice of Removal of Civil Action was served by United States First Class Mail this 2nd day of December, 2009 upon:

> Scott D. Lieberman, Esq.
> Arianne B. Suarez
> Florida Bar No. 143529
> asuarez@ldklaw.com
> Scott D. Lieberman
> Florida Bar No. 962678
> slieberman@ldklaw.com
> LIEBERMAN DANZ & KRONENGOLD, PL
> 1301 International Parkway, Suite 140
> Fort Lauderdale, Florida 33323
> Telephone: (954) 385-5400
> Facsimile: (954) 385-5444
>
> *Attorneys for Plaintiff*

Pursuant to S.D. Fla. L.R. 5.1A, attached hereto is a Service List containing the name, street address, telephone number, facsimile telephone number, and e-mail address of all counsel for all parties.

/s/ Heather B. Brock
Heather B. Brock

## SERVICE LIST

**LARRY EINBINDER vs. IRON MOUNTAIN INFORMATION MANAGEMENT, INC.**

Case No.: _____-Civ-_____
**United States District Court, Southern District Of Florida**

| | |
|---|---|
| Arianne B. Suarez<br>Florida Bar No. 143529<br>asuarez@ldklaw.com<br>Scott D. Liberman, Esq.<br>Florida Bar No. 962678<br>slieberman@ldklaw.com<br>LIEBERMAN DANZ & KRONENGOLD, PL<br>1301 International Parkway, Suite 140<br>Fort Lauderdale, Florida  33323<br>Telephone:  (954) 385-5400<br>Facsimile:   (954) 385-5444<br><br>*Attorneys for Plaintiff Larry Einbinder*<br><br>By United States first class mail | Timothy B. Strong<br>Florida Bar No. 499285<br>Tim.Strong@fowlerwhite.com<br>Heather B. Brock<br>Florida Bar No. 0003182<br>hbrock@fowlerwhite.com<br>FOWLER WHITE BOGGS P.A.<br>50 North Laura Street, Suite 2800<br>Jacksonville, FL  32202<br>Telephone:  (904) 598-3100<br>Facsimile:   (904) 598-3131<br><br>*Attorneys for Defendant Iron Mountain Information Management, Inc.* |

# CIVIL COVER SHEET



**I.   CASE STYLE**                          Case No.:

Name of Court:    **BROWARD COUNTY CIRCUIT COURT**

Plaintiff(s):    **LARRY EINBINDER,**

**09-41751**

vs.

Defendant(s):    **IRON MOUNTAIN INFORMATION MANAGEMENT, INC.**

**II.   TYPE OF CASE** (if the case fits more than one type of case, select the most definitive)

| DOMESTIC RELATIONS | TORTS | OTHER CIVIL |
|---|---|---|
| __ Simplified | __ Professional Malpractice | __ Contracts |
| __ Dissolution | __ Products Liability | __ Condominium |
| __ Support-IV-D | | __ Real Property/ Mortgage Foreclosure |
| __ Support-Non IV-D | __ Auto Negligence | |
| __ URESA-IV-D | __ Other Negligence | __ Eminent Domain |
| __ URESA-Non IV-D | | __X Other-unpaid wages |
| __ Domestic Violence | | |
| __ Other Domestic Relations | | |

**III.   Is Jury Trial demanded in Complaint?**

    __X__ Yes    ___ No

Date: 7-28-09

Signature of Attorney for Party Initiating Action

By: _____
Arianne B. Suarez, Esq.
Lieberman Danz & Kronengold, PL
1301 International Parkway, Suite 140
Fort Lauderdale, FL 33323
Fla. Bar No. 143529
Tel: (954) 385-5400
Fax: (954) 385-5444



EXHIBIT A



IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.

LARRY EINBINDER,

    Plaintiff,

09-41751    14

v.

IRON MOUNTAIN INFORMATION MANAGEMENT, INC.

    Defendant.

_____/

## COMPLAINT

Plaintiff, LARRY EINBINDER, hereby sues the Defendant IRON MOUNTAIN INFORMATION MANAGEMENT, INC. and as grounds alleges:

### PARTIES

1. Plaintiff, Larry Einbinder ("Plaintiff" or "Einbinder"), is a citizen of the United States and a resident of Broward County, Florida.

2. Defendant, Iron Mountain Information Management, Inc. ("Defendant" or "Iron Mountain") is a corporation doing business in Broward County, Florida.

### JURISDICTION AND VENUE

3. This is an action for damages in excess of $15,000.00 exclusive of attorneys' fees and costs.

4. Defendant is a corporation doing business in Broward County who has multiple

offices in Broward County. Plaintiff's offices while employed by Defendant have always been located in Broward County. Venue is proper in Broward County.

## CONDITIONS PRECEDENT

5. All conditions precedent necessary to the filing of this action have been met, waived or excused.

## GENERAL ALLEGATIONS

6. Plaintiff was employed by Iron Mountain for fifteen (15) years in its Sales Department. His most recent position at Iron Mountain was Manager of Healthcare Services for the Southern Area.

7. As a Manager of Healthcare Services, Plaintiff's duties involved identifying healthcare accounts and markets for Iron Mountain, penetrating those markets, and selling Iron Mountain's information management services to those targeted markets.

8. Plaintiff's compensation at Iron Mountain consisted of a salary and certain performance and incentive based payments including commissions and bonuses.

9. During the course of Plaintiff's employment, Defendant introduced a specific sales incentive just for Plaintiff to induce an opportunity which involved the identification of a growth opportunity with an account.

10. Management expressed its goal to obtain a business relationship with six or more Divisions including the Central Atlantic, East Florida, North Florida, Southeast, Delta and Gulf Coast divisions.

11. Management had concerns over losing opportunities and offered Plaintiff a special

2

incentive. To obtain this business Defendant in a written document offered an incentive of $15,000.00 for each division agreement that Plaintiff obtained. Such incentive was provided due to the strategic value to the company in getting these divisions immediately signed.

12. Plaintiff obtained six such division agreements, which included the Central Atlantic, East Florida, MidAmerica, Delta, North Florida and MidAmerica/Corporate divisions, and he fully earned the promised income in the amount of $90,000.00.

13. Defendant, however, has failed to pay Plaintiff his commissions despite numerous and ongoing requests by Plaintiff for payment and Defendant's own acknowledgments that Plaintiff delivered on the divisions, as expressed in e-mail correspondence and verbal discussions with Plaintiff during the summer of 2008. Plaintiff complained why a salary that Defendant agreed was owed had not been paid. Even certain Members of Management of Defendant expressed frustration at dragging out payment.

14. Shortly after complaining about the unpaid commissions and other salary issues, Defendant then began a campaign of harassment against Plaintiff which included unwarranted critiques of his performance, a poor performance review in October 2008 that significantly differed from his prior and more positive performance reviews during his fifteen (15) year career with Defendant, and the issuance of a "Notice of Unacceptable and Unprofessional Behavior" in November 2008.

15. On January 13, 2009, Defendant in a calculated plan terminated Plaintiff's employment without properly compensating him for his services and has since acknowledged issues with his termination.

3

16. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I-UNPAID WAGES

17. Plaintiff readopts and realleges paragraphs 1 through 16 above as if fully set forth herein.

18. Plaintiff has fully earned his commissions pursuant to the terms of Defendant's incentive program and is entitled to payment in the amount of $90,000.00 for the six division deals he delivered at a $15,000.00 commission per division.

19. Defendant has failed to pay Plaintiff commissions he fully earned and are now owed.

WHEREFORE Plaintiff respectfully prays for judgment in the amount of $90,000.00 plus interest and reasonable attorneys' fees and costs pursuant to §448.08, Fla. Stat.

## COUNT II-BREACH OF CONTRACT

20. Plaintiff readopts and realleges paragraphs 1 through 16 above as if fully set forth herein.

21. Plaintiff has fully earned his commissions pursuant to the terms of Defendant's incentive program and is entitled to payment in the amount of $90,000.00 for the six division deals he delivered at a $15,000.00 commission per division.

22. Defendant has failed to pay Plaintiff commissions he fully earned and are now owed and is in breach of contract.

WHEREFORE Plaintiff respectfully prays for judgment in the amount of $90,000.00 plus interest and reasonable attorneys' fees and costs pursuant to §448.08, Fla. Stat.

4

## COUNT III-VIOLATION OF FLORIDA STATUTE 448.101 et seq.
## (WHISTLEBLOWER RETALIATION)

23. Plaintiff readopts and realleges paragraphs 1 through 16 above as if fully set forth herein.

24. At all times pertinent, Plaintiff was an employee as defined by §448.101(2), and Defendant was an employer as defined by §448.101(3).

25. During his employment, Plaintiff engaged in protected activity within the meaning of 448.102.

26. As a result of Plaintiff's protected activity, Defendant took retaliatory personnel actions against Plaintiff in the terms and conditions of his employment, including ultimately terminating his employment after fifteen (15) years of service.

WHEREFORE Plaintiff seeks compensation for lost wages, benefits, and other remuneration, compensatory damages, reinstatement, and injunctive relief as provided in §448.103(2), and reasonable attorneys' fees, costs and expenses pursuant to §448.104.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

DATED: July 28, 2009.

                Respectfully submitted,

                LIEBERMAN DANZ & KRONENGOLD, P.L.
                Counsel for Plaintiff
                1301 International Parkway, Suite 140
                Fort Lauderdale, FL 33323
                Telephone: (954)385-5400
                Facsimile: (954)385-5444

                By: _____
                Arianne B. Suarez
                Florida Bar No. 143529
                asuarez@ldklaw.com

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 09-4175 CACE(14)



LARRY EINBINDER,

    Plaintiff,

v.

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,

    Defendant.
_____/

### IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT OR TAKE OTHER APPROPRIATE ACTION

Pursuant to Fla.R.Civ.P. 1.090(b), Defendant Iron Mountain Information Management, Inc. ("Iron Mountain") moves for an enlargement of time to respond to the Complaint or take other appropriate action in the above captioned lawsuit. As grounds, Iron Mountain states:

1. On November 3, 2009, Iron Mountain's statutory registered agent for service, Corporation Service Company, was served with the Complaint thus requiring a response thereto on or before November 23, 2009.

2. Because undersigned counsel has not had an opportunity to fully investigate the allegations in the Complaint and is therefore still considering appropriate action, more time is needed to prepare a responsive pleading or take other appropriate action. Iron Mountain, therefore, requests an additional ten (10) days up to and including December 3, 2009 to respond to the Complaint or take other appropriate action.

3. Counsel for Iron Mountain certifies that Plaintiff's counsel agreed to the relief requested herein.

4. Furthermore, undersigned counsel certifies that the Motion is filed in good faith and not to cause any unnecessary delay in the timely prosecution of this case.

WHEREFORE, Iron Mountain, respectfully requests an additional ten (10) days up to and including December 3, 2009 to respond to the Complaint or take other appropriate action.

Respectfully submitted this 23rd day of November, 2009.

*/s/ Heather B. Brock for*
Timothy B. Strong
Florida Bar No. 499285
tim.strong@fowlerwhite.com

Heather B. Brock
Florida Bar No. 0003182
hbrock@fowlerwhite.com

Vanessa Hodgerson
Florida Bar No. 0059006
vanessa.hodgerson@fowlerwhite.com

FOWLER WHITE BOGGS P.A.
50 North Laura Street, Suite 2800
Jacksonville, FL 32202
Telephone: (904) 598-3100
Fax: (904) 598-3131

Attorneys for Defendant
Iron Mountain Information Management, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant Iron Mountain Information Management, Inc.'s Unopposed Motion for an Enlargement of Time to Respond to Complaint or Take Other Appropriate Action was served by United States First Class Mail this 23rd day of November, 2009 upon:

> Scott D. Liberman, Esq.
> Florida Bar No. 962678
> LIEBERMAN DANZ & KRONENGOLD, PL
> 1301 International Parkway, Suite 140
> Fort Lauderdale, Florida  33323
> Telephone:  (954) 385-5400
> Facsimile:  (954) 385-5444
>
> Attorneys for Plaintiff

*[signature]*
Attorney

42416195v1

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. 09-41751-CACE (14)

LARRY EINBINDER,

    Plaintiff,

v.

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,

    Defendant.

_____/

### ORDER ON IRON MOUNTAIN INFORMATION MANAGEMENT, INC.'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT OR TAKE OTHER APPROPRIATE ACTION

**THE COURT** has considered Iron Mountain Information Management, Inc.'s ("Iron Mountain") Unopposed Motion for an Enlargement of Time to Respond to Complaint or Take Other Appropriate Action. It is

**ORDERED and ADJUDGED** that Iron Mountain has an additional ten (10) days up to and including December 3, 2009 to respond to the complaint or take other appropriate action.

**DONE AND ORDERED** on this the _____ day of _____, 2009.

_____
HONORABLE THOMAS M. LYNCH
Broward County Circuit Court Judge

*Copies furnished to:*
All Counsel of Record

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Larry Einbinder

**(b)** County of Residence of First Listed Plaintiff  **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Scott D. Lieberman and Arianne B. Suarez, Lieberman Danz & Kronengold, PL, 1301 International Parkway, Suite 140, Ft. Lauderdale, FL 33323, (954) 385-5400

## DEFENDANTS
Iron Mountain Information Management, Inc.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
Timothy B. Strong and Heather B. Brock, Fowler White Boggs, PA, 50 N. Laura St., Suite 2800, Jacksonville, FL 32202, (904) 598-3100

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:09CV61913-Zloch-RSR

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 810 Selective Service |
|  | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  |  |
| ☑ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** / ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence / ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** / ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §§ 1332 (a)(1) and 1441: diversity jurisdiction, amount in controversy exceeds $75,000.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
*Heather B. Brock*

DATE
December 2, 2009

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 348220   IFP